**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

CASE NO. 05-18439 (MG)
CHAPTER 13

**IN RE: WILLIAM ROBERT PAWSON**

     **Debtor.**

**STIPULATED ORDER**

This matter comes on to be heard upon the agreement of the parties, who represent to the Court the following facts:

1. There is presently pending before this Court a Cross Motion pursuant to Bankruptcy Code §§ 105 and 29 U.S.C. 1927 ("Cross Motion") filed by Debtor, William Robert Pawson ("William") against respondent creditor JPMorgan Chase Bank, N.A. ("Chase"), on July 14, 2008 as Docket No. 13.

2. The Cross Motion relates to a certain residential mortgage loan for which William and his wife, Janet Pawson ("Janet"), are indebted to Chase under the terms of a Cooperative Apartment Fixed Rate Note dated November 7, 2003 and a Loan Security Agreement dated November 7, 2003 ("Loan").

3. In order to avoid the costs and expenses of litigation of the Cross Motion, and without any admission of liability, William and Chase have entered into a Settlement Agreement and Release ("Agreement") with respect to the Cross Motion, the terms and conditions of which the parties have agreed to keep confidential, except to the extent disclosed herein. **[All terms of the settlement were disclosed on the record in open court on August 13, 2008. A copy of the transcript will be prepared and posted on ECF.] [MG]**

1

4.  As a part of the settlement of the Cross Motion, William and Chase have agreed to move this Court to enter an order for Chase to comply with certain terms of the Agreement.

WHEREFORE, pursuant to the representations set forth above, it is hereby Ordered as follows:

A.  The Cross Motion is hereby withdrawn with prejudice.

B.  Within thirty (30) days from the date of the Agreement, Chase shall take any and all action required or necessary to remove any negative credit reporting made by Chase to any credit reporting agency as to William and/or Janet regarding payments due to Chase on the Loan for the months of May, 2008 and June, 2008.

C.  Within ten (10) days from the date of the Agreement, Chase will provide to William, in the manner set forth in the Agreement, a current transaction history for the Loan, together with a then current payoff statement for the Loan.

D.  Chase shall not add any charges to the Loan balance, such as filing fees or attorneys' fees, with respect to the Motion for Relief from the Automatic Stay heretofore filed by Chase herein on June 20, 2008 as Docket No. 10.

E.  Chase's withdrawal of its Motion for Relief from the Automatic Stay on July 17, 2008, Docket No. 14, is deemed to be with prejudice as to any payments due under the Loan prior to August 1, 2008, but not as to any payments coming due on the Loan after August 1, 2008.

F.  In the event William receives a discharge herein, within thirty days after the entry of the order of discharge, Chase shall provide to William written notice by regular first class mail of any outstanding fees or costs assessed to the Loan account (such as late fees, property inspection fees, attorneys' fees or filing fees not otherwise waived pursuant to paragraph D

above). William's right to contest any such fees or costs is fully preserved. If Chase fails to give the written notice provided for in the first sentence of this paragraph F, then all such fees or costs, if any, shall be deemed waived by Chase. Chase shall be deemed to have complied with this paragraph F if it provides the notice and information to William's counsel, David Shaev.

Dated: August 13, 2008

      /s/ Martin Glenn
      HONORABLE MARTIN GLENN
      U.S. BANKRUPTCY JUDGE

Stipulated and Agreed to:

| WILLIAM ROBERT PAWSON, Debtor | JPMORGAN CHASE BANK, N.A., Creditor |
|---|---|
| Dated: 8/5/2008 | |
| | By: /s/ Edward A. Wiener |
| By: /s/ David B. Shaev | Edward A. Wiener |
|     David B. Shaev | Stein Wiener & Roth, LLP |
|     350 Fifth Avenue | One Old County Road |
|     Suite 7210 | Suite 113 |
|     New York, NY 10118 | Carle Place, NY 11514 |
|     (212) 239-3800 | (516) 742-1212 |