# BURKE, WARREN, MACKAY & SERRITELLA, P.C.

22ND FLOOR
330 NORTH WABASH AVENUE
CHICAGO, ILLINOIS 60611-3607
TELEPHONE (312) 840-7000
FACSIMILE (312) 840-7900
www.burkelaw.com

EDWARD J. LESNIAK
DIRECT DIAL NUMBER
(312) 840-7007
elesniak@burkelaw.com

January 9, 2009

BY E-MAIL AND FIRST CLASS MAIL

Ms. Serene Nakano
U.S. Department of Justice
Office of the United States Trustee
Southern District of New York
33 Whitehall Street
21st Floor
New York, NY 10004

      Re:    In re: William Robert Pawson
                 Case No. 05-18439-MG

Dear Ms. Nakano:

      As you know, we have been engaged with your office on behalf of Chase Home Finance LLC ("Chase") to address the Court's concerns regarding Chase's procedures in connection with filing motions for relief from the automatic stay ("MFR" or "MFRs") in the Southern District of New York. This letter will summarize the procedures that we have discussed with you or referenced in court appearances, and that are in place or will be implemented as indicated herein.

1.     Pre-Filing Consultation.

      We previously informed you that Chase had hired, as a consultant, an experienced bankruptcy attorney to review all MFRs before they are filed in the Southern District of New York. That second level of review consists of verifying the accuracy of the MFR and the supporting affidavits or other related documents as well as verifying the delinquent status of the account. As we previously discussed, Chase is in the process of transitioning the pre-filing review from its consultant to the firm of Teitelbaum & Baskin, LLP, 3 Barker Avenue, Third Floor, White Plains, NY 10601.

2.     Length of Delinquency Before Referring a File to Counsel for MFR.

      Chase will not refer a loan file to counsel to file a MFR until the account has been delinquent for 62 days as to all loans except those owned by Freddie Mac. As to

BURKE, WARREN, MACKAY & SERRITELLA, P.C.

Serene Nakano
January 9, 2009
Page 2

Freddie Mac loans, Chase will not refer the loan file to counsel for a MFR until the account has been delinquent for 45 to 59 days. Previously Chase referred loan files to counsel to file a MFR when the account had been delinquent for 35 days.

3.   Enhancements to Initial Post-Petition Communication.

Chase, for non-prime and home equity loans, customarily sends the borrower a letter after it receives notice the borrower has filed a bankruptcy proceeding. The letter informs the borrower of the manner in which Chase will handle the loan account during bankruptcy, including how payments are to be made during bankruptcy. Chase is in the process of preparing enhancements to the letter to more clearly state how and where payments are to be made during the bankruptcy proceeding. This procedure and its corresponding enhancements will be implemented for all mortgage loans.

4.   Notice of Intention to File MFR.

Chase is in the process of implementing a procedure whereby it will send a letter to the borrower and borrower's counsel after the loan account becomes more than 30 days post-petition delinquent. The letter will state (a) the nature of the delinquency and the amount thereof; (b) Chase's intention to file a MFR if the delinquency is not timely cured; and (c) the contact information of the person or department if the borrower wants to make arrangements to cure the delinquency.

5.   Telephone Contact Before Filing a MFR.

Chase is preparing a directive to its bankruptcy counsel in the Southern District of New York instructing its counsel to attempt to contact to borrower's counsel via telephone or email prior to filing a MFR to inform borrower's counsel of Chase's intention to file a MFR.

Chase has implemented or will implement these procedures voluntarily in order to address concerns raised by the Court. However, these procedures are not required explicitly or implicitly by any provisions of the United States Bankruptcy Code, and Chase reserves the right to modify these procedures as it deems appropriate or necessary.

BURKE, WARREN, MACKAY & SERRITELLA, P.C.

Serene Nakano
January 9, 2009
Page 3


      We believe that this letter should mark the conclusion of our endeavors with your office on this matter. Thank you for your efforts in bringing this matter to a resolution.

                                Sincerely yours,

                                Edward J. Lesniak

EJL:sc
cc:    Serene Nakano (for U.S. Trustee) via E-Mail
       David Shaev (for the Debtor via E-Mail
       Jody L. Kava (for Chapter 13 Trustee) via E-Mail
       Ed Weiner (for Chase) via E-Mail

BURKE, WARREN, MACKAY & SERRITELLA, P.C.

09135\00391\492021.2