UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*

                                          Docket No. 05-18439 *(mg)*
    WILLIAM R. PAWSON,                    New York, New York
                                          January 22, 2009
                            *Debtor.*

TRANSCRIPT OF CHAPTER 13 HEARING RE:
1) ADJ HRG DOC. #24; THE COURT SCHEDULED THIS STATUS
CONFERENCE DIRECTING THE ATTORNEYS FOR CHASE AND THE
UNITED STATES TRUSTEE TO PROVIDE THE COURT WITH A STATUS
REPORT ON THE EFFORTS TO RESOLVE THE REMAINING ISSUES
SURROUNDING THE SETTLEMENT AGREEMENT.
2) HRG RE: DOC. #24; TRANSCRIPT OF THE HEARING HELD ON
AUGUST 13, 2008 AT 10:00 A.M. IN RE MOTION TO APPROVE
SETTLEMENT AGREEMENT.
3) ADJ HRG RE DOC. #13; DEBTOR'S RESPONSE AND CROSS-MOTION
TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STATE FILED ON
BEHALF OF JP MORGAN CHASE BANK, N.A.
BEFORE THE HONORABLE MARTIN GLEN
UNITED STATES BANKRUPTCY JUDGE

A P P E A R A N C E S :

| | |
|---|---|
| *For the Debtor:* | DAVID BRUCE SHAEV, ESQ. |
| | (212) 239-3800 |
| *For J.P. Morgan Chase:* | JAY TEITELBAUM, ESQ. |
| | (914) 437-7670; (914) 437-7672 fax |
| *U.S. Dept. of Justice,* | SERENE K. NAKANO, ESQ. |
| *U.S. Trustee's Office:* | LINDA A. RIFFKIN, ESQ. |
| | (212) 5410-0500; (212) 668-2255 fax |
| *For J.P. Morgan Chase:* | EDWARD J. LESNIAK, ESQ. |
| *(By Telephone)* | Burke, Warren, MacKay & Serritella |
| | (312) 840-7007; (312) 840-7900 fax |
| *For the Chapter 13* | JODY L. KAVA, ESQ. |
| *Trustee's Office:* | (914) 328-7272 |
| *Transcription Service:* | A-1 Transcripts |
| | (877) 777-5133 |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

                    In re William R. Pawson - 1/22/09                    2

1           THE COURT:  William Robert Pawson, Number 05-18439.

2    Counsel, please make your appearances.

3           MS. NAKANO:  Serene Nakano and Linda Riffkin for the

4    U.S. Trustee's Office.  Good afternoon, Your Honor.

5           THE COURT:  Good afternoon.

6           MR. SHAEV:  David B. Shaev on behalf of the Debtor,

7    Your Honor.  Good afternoon.

8           THE COURT:  Good afternoon.

9           MS. KAVA:  The law office of Jeffrey Sapir by Jody

10   Kava for the Chapter 13 Trustee.

11          THE COURT:  Mr. Lesniak?

12          MR. LESNIAK:  Good afternoon, Your Honor, Edward

13   Lesniak for Chase.  And I thank you again for allowing me to

14   appear by phone.

15          THE COURT:  Certainly.  Ms. Nakano?

16          MS. NAKANO:  Thank you, Your Honor.  Serene Nakano for

17   the U.S. Trustee's Office.  Your Honor, Chase has sent us a

18   letter documenting the procedures that it intends to follow in

19   Southern District of New York cases with regard to lift-stay

20   motions.  And I'd be happy to hand up a copy of the letter to

21   the Court.

22          THE COURT:  All right.  Thank you very much.  Just

23   give me a couple of minutes to read it.

24          (Whereupon, the Judge, reads the letter at this time.)

25          MS. KAVA:  Is that the January 9 Letter?

In re William R. Pawson - 1/22/09                           3

1          THE COURT:  Yes, it is.

2          MS. KAVA:   Thank you.

3          THE COURT:  All right, the Court has reviewed the

4     letter dated January 9, 2009, Mr. Lesniak to Ms. Nakano.  Go

5     ahead, Ms. Nakano.

6          MS. NAKANO:  Thank you, Your Honor.  Your Honor, we

7     hope that these procedures, as outlined in this letter, together

8     with the Court's recently promulgated loss mitigation program

9     will go a long way towards obviating the kinds of problems we

10    saw in this case and in the Schusler (phonetic) case.

11         Obviously we were disappointed that Chase declined to

12    enter into a stipulation with us.  As we had indicated at the

13    last conference we had hoped that Chase would enter into such a

14    stipulation so there would be some enforcement mechanism.

15    Nevertheless, we will continue to monitor lift-stay motions,

16    especially those with Chase, very closely in this district.

17         We had asked Chase if they would object to the filing

18    of this letter on the Court's docket and Chase indicated that

19    they would object.  But we believe that it's important in the

20    interest of transparency and bankruptcy cases that the letter be

21    filed.  Thank you, Your Honor.

22         THE COURT:  All right.  Mr. Shaev?

23         MR. SHAEV:  I don't really have any additional

24    comments on that, Your Honor.

25         THE COURT:  Ms. Kava?

In re William R. Pawson - 1/22/09                    4

1        MR. KAVA:  No, Your Honor.

2        THE COURT:  Mr. Lesniak?

3        MR. LESNIAK:  Your Honor, the only point I would

4    address with respect to Ms. Nakano's request that the letter be

5    placed of record is simply that in the initial hearing back in

6    August 13, the Court had indicated that it was not necessary

7    with the Court to go into details about the discussions with the

8    U.S. Trustee, and that the Court just needed to know whether

9    some kind of agreement was reached.  I believe we have now

10   reached that agreement.

11       Now, if Your Honor reconsiders this and says that we

12   need to file this, of course, we're going to file it.  We fully

13   expect in addition that in the event that the Trustee in its

14   monitoring efforts finds it necessary to come before this Court

15   again, that the procedures set forth in this letter would at

16   that time be made of record in connection with any motion or

17   action that the Trustee might take.

18       Other than that I think in my view Chase has now done

19   what the Court has asked and addressed the concerns that the

20   Court had, and as far as we're concerned the matter should be

21   concluded.

22       THE COURT:  All right.  With respect to whether the

23   letter should be filed, having reviewed the letter, which is

24   certainly written in re William Robert Pawson with this case

25   number, the Court directs the letter be filed on ECF.

In re William R. Pawson - 1/22/09                            5

1      I did not want to spread on the record the back and

2  forth between the Office of the U.S. Trustee and counsel for

3  Chase, which I considered really at those earlier stages to be

4  effectively in the negotiation stage.  I take this letter, which

5  I've now read and I'm going to mark as Court Exhibit 1 as

6  representations that Chase is making to the Office of the U.S.

7  Trustee with respect to Chase Home Finance, LLC's handling of

8  mortgage delinquencies and procedures for filing of motions for

9  relief from the automatic stay.  So, I will direct that the

10  January 9 letter be filed on ECF in the Pawson case.

11      (Court Exhibit 1, 1/9/09 Letter from Chase to U.S.

12  Trustee, Admitted.)

13      THE COURT:  Let me say that having reviewed the

14  letter, assuming the procedure is outlined in the letter

15  followed, I consider them substantially addressing the concerns

16  that the Court has raised in the Pawson case and in some other

17  cases as well.  And I think reflects voluntarily, on the part of

18  Chase Home Finance, positive steps to avoid lift-stay motions

19  that are improvidently filed.  So, I'm pleased to see the steps

20  that Chase has outlined and represented to the Office of the

21  U.S. Trustee that it will take.

22      I recognize that on page 2 of the letter, the last

23  paragraph, Chase indicates, "Chase has implemented or will

24  implement these procedures voluntarily in order to address

25  concerns raised by the Court.  However, these procedures are not

In re William R. Pawson - 1/22/09                    6

1    required explicitly or implicitly by any provisions of the

2    United States Bankruptcy Code, and Chase reserves the right to

3    modify these procedures as it deems appropriate or necessary."

4         Certainly, no action the Court is taking today makes

5    them mandatory, but the Court will also be mindful if the

6    procedures are changed and any issues arise in the future.  I do

7    think that these -- that isn't to say, Mr. Lesniak, that Chase

8    can't or shouldn't change it's procedures as it believes

9    appropriate.  The concerns are to make sure that any lift-stay

10   motions that are filed are appropriately filed.  And I think the

11   steps that you outline in here ought to go a long way to

12   assuring that.  So, I'm pleased to see the steps that Chase has

13   voluntarily elected to apply in this district, and the

14   representations to that affect that it's made to the U.S.

15   Trustee's Office.  But I will direct that the letter be filed in

16   the Pawson case.

17         MR. LESNIAK:  Understood, and thank you, Your Honor.

18         THE COURT:  Okay.  I just want to reiterate generally

19   I think that this has gone on for some time really while

20   discussions have continued between the Office of the U.S.

21   Trustee and Mr. Lesniak on behalf of Chase Home Finance.  The

22   Court believes the time has been well spent and that certainly

23   if these procedures are followed -- certainly things can go awry

24   from time to time in cases, but this ought to go a long way to

25   assuring that that doesn't happen again in the future.  So, I'm

In re William R. Pawson - 1/22/09                              7

1   pleased with the outcome.  The Court intends to take no further

2   action with respect to the sanctions' issues in the Pawson case.

3          I think that Mr. Shaev, who I previously commended for

4   his efforts in this case, has certainly obtained substantial

5   relief on behalf of his client already.  So, from the Court's

6   standpoint, this matter is closed.  Anybody else have anything

7   they want to add?

8          (No response.)

9          THE COURT:  Mr. Teitelbaum, do you want to make any --

10  you're here on the other case or your making --

11         MR. TEITELBAUM:  Your Honor, Jay Teitelbaum,

12  Teitelbaum & Baskin.  I'm  here on Breton and I apologize for

13  being few minutes late.

14         THE COURT:  No, that's okay.

15         MR. TEITELBAUM:  The subways fouled up.

16         THE COURT:  Yeah, and I saw you come in and because

17  this letter makes references to Chase transitioning the

18  consultants' role to your firm that's why I just thought you'd

19  want to make an appearance on the record.  All right, the Pawson

20  case is concluded.  Thank you very much.

21         MS. NAKANO:  Thank you, Your Honor.

22         MS. KAVA:  Thank you.

23         MR. LESNIAK:  Thank you, Your Honor.

24         THE COURT:  Thank you, Mr. Lesniak.

25                      - o0o -

8

1                              CERTIFICATION

2

3        I, Rochelle Grant, certify that the foregoing is a correct

4    transcript from the official electronic sound recording of the

5    proceedings in the above-entitled matter.

6

7    Dated:  December 18, 2009

8

9

10

11    _____

12                              Signature of Approved Transcriber

13

14

15

16

17

18

19

20

21

22

23

24

25